# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LONDA McCARVER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.  } | **Case No.: 5:07-CV-0768-RDP** |
| } | |
| **MICHAEL J. ASTRUE, Commissioner** } | |
| **of Social Security,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff Londa McCarver brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons outlined below, the court finds that the decision of the Commissioner is due to be affirmed because it is supported by substantial evidence and the proper legal standards were applied.

### I.  Proceedings Below

Plaintiff filed his application for disability and disability insurance benefits on May 16, 2004. (Tr. 40-43, 200). Plaintiff alleges a disability onset date of July 24, 2003. (Tr. 15, 40, 78). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 13-14, 28-29). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). (Tr. 33, 35). ALJ Robert L. Hodges heard Plaintiff's case on Friday, April 14, 2006, in Huntsville, Alabama. (Tr. 35, 188). In the decision dated August 1, 2006, the ALJ determined that Plaintiff was not eligible for disability and disability insurance benefits because he failed to meet the disability

requirements of the Act and retained the residual functional capacity to perform basic work-related activities for at least twelve consecutive months. (Tr. 13-20). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision on March 2, 2007, that decision became the final decision of the Commissioner, and therefore, a proper subject of this court's review. (Tr. 5-7).

At the time of the hearing in question, Plaintiff was sixty-one years old and had received a high school education. (Tr. 190, 193). Plaintiff previously worked as an air traffic controller and a communications technician/analyst. (Tr. 71-72, 194, 198). Plaintiff alleges that he suffers from cardiovascular heart disease, arterioscleratic heart disease, and depression. (Tr. 17-18). According to Plaintiff, these problems have rendered him unable to engage in substantial gainful activity since 2003. (Tr. 17, 71). Plaintiff meets the insured status requirements of the Act through December 31, 2009. (Tr. 17).

Plaintiff complains that cardiovascular disease, arterioscleratic heart disease, and depression disable him. Plaintiff's medical records show that Huntsville Hospital admitted him on July 24, 2003, with an acute inferior wall myocardial infarction. Plaintiff underwent a 3-vessel coronary artery bypass grafting on July 31, 2003. (Tr. 102-104). In late August, Huntsville Hospital re-admitted Plaintiff with recurrent chest pain and he underwent a cardiac catherization with percutaneous transluminal coronary angioplasty and stenting. (Tr. 111-13). On September 11, 2003, Huntsville Hospital admitted Plaintiff again and he underwent another cardiac catherization. (Tr. 116-21). After a Cardiolite Stress Test in November 2003, Dr. Phillip Laney, a cardiologist, released Plaintiff to return to work on administrative duty, and later recommended he continue administrative duty until April 2004. (Tr. 89-91). The Cardiolite Stress Test showed Plaintiff was doing well clinically. (Tr. 91). In November 2005, Dr. Laney also noted Plaintiff was doing quite well with no

definite chest pain within the past year. (Tr. 175-76). In January 2006, Plaintiff's tests were unchanged and Dr. Laney reported Plaintiff did well on another stress test. Dr. Laney placed Plaintiff in a "low-risk" cardiac category. (Tr. 162). In April 2006, Dr. Laney noted Plaintiff as being a Class II in the NYHA and AHA functional classification scheme. (Tr. 181). This is characterized as, "patient with cardiac disease resulting in slight limitation of physical activity. They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea, or anginal pain. Objective findings consistent with minimal cardiovascular disease." (Tr. 19).

Plaintiff's general practitioner, Dr. David Bramm (who works with Dr. Laney), treated Plaintiff from December 2004 through July 2005. (Tr. 141-44). In February 2005, Dr. Bramm first mentioned that Plaintiff may suffer from a problem with depression. (Tr. 143). Otherwise, Plaintiff's examinations were normal. The last time Dr. Bramm examined Plaintiff was in July 2005, and at that time he noted that the exam was again essentially normal. (Tr. 141). Subsequent to the ALJ's decision, Dr. Bramm submitted additional evidence to the Appeals Committee on August 17, 2006. (Tr. 182). The additional evidence was a letter from Dr. Bramm dated August 11, 2006 stating that Plaintiff is disabled and has limitations greater than what the ALJ determined. Dr. Bramm stated Plaintiff cannot return to his past work as an air traffic controller and that disability would be in his best medical interest. (Tr. 182).

## II.  ALJ Decision

Determination of disability, under the Act, requires a five-step analysis. *See* 20 C.F.R. § 404.1 *et. seq.* First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Third, the Commissioner determines whether the claimant's impairment

meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. The claimant's residual functional capacity is what the claimant can do despite his impairment. Finally, the Commissioner determines whether the claimant's age, education, and past work experience prevent the performance of any other work. In making this final determination, the Commissioner will use the Medical-Vocational Guidelines in Appendix 2 of Part 404 of the Regulations when all of the claimant's vocational factors and residual functional capacity are the same as the criteria listed in the Appendix. If the Commissioner finds that the claimant is disabled or not disabled at any step in this procedure, the Commissioner will not review the claim any further.

The court recognizes that "the ultimate burden of proving disability is on the claimant" and that the "claimant must establish a *prima facie* case by demonstrating that he can no longer perform his former employment." *Freeman v. Schweiker*, 681 F.2d 727, 729 (11th Cir. 1982) (other citations omitted). Once a claimant shows that he can no longer perform his past employment, "the burden then shifts to the [Commissioner] to establish that the claimant can perform other substantial gainful employment." *Id.*

Since Plaintiff's earnings on "administrative duty" do not count as substantial gainful activity because of the special accommodations and considerations made for him, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 24, 2003. (Tr. 17). Plaintiff meets the disability insured status requirements of the Act through December 31, 2009. (Tr. 17). Based on the medical evidence presented, the ALJ concluded that Plaintiff does have arteriosclerotic heart disease, status post coronary artery bypass grafting, and status post angiography post operative with

stent place. (Tr. 17). The ALJ found Plaintiff does have an impairment or combination of impairments that have significantly limited (and are expected to limit) his ability to perform basic work-related activities for twelve consecutive months. However, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404. (Tr. 18). Therefore, Plaintiff does not have a disability as defined by the Act. (Tr. 18). The ALJ also found that Plaintiff's depression is not a severe impairment within the meaning of the Act. (Tr. 18).

According to the ALJ, Plaintiff has the residual functional capacity to perform a full range of light work with no more than moderate pain. Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; standing or walking a total of six hours a day; and sitting a total of two hours a day. (Tr. 18). When making his decision, the ALJ considered all of Plaintiff's symptoms and the extent to which his symptoms can reasonably be considered with the objective medical evidence and other evidence. The ALJ also considered Plaintiff's daily activities and the opinions of his doctors. (Tr. 18). The ALJ also gave great weight to the opinion of a state agency consultant. The ALJ's decision states that Plaintiff is capable of performing past relevant work as a communications technician. (Tr. 20). Thus, the ALJ ruled Plaintiff is not disabled as the Act defines that term and Plaintiff, therefore, is not entitled to a period of benefits. (Tr. 20; 20 C.F.R. §404.1520(b)).

### III. Plaintiff's Argument for Remand or Reversal

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, reversed and remanded for further consideration. (Pl.'s Br. 8). Plaintiff argues the ALJ improperly discounted his testimony

of disabling limitations and failed to fully and fairly develop the record because the ALJ did not have the benefit of a statement or opinion from Plaintiff's treating or examining physicians regarding his limitations at the time the unfavorable decision was issued. (Pl.'s Br. 6). Specifically, Plaintiff argues that in making his decision, the ALJ did not have the benefit of reviewing the opinion of Dr. Bramm, Plaintiff's treating physician since 2004. (Pl.'s Br. 6). Plaintiff asserts that Dr. Bramm wrote a letter about his condition on August 11, 2006, after the hearing with the ALJ. Plaintiff then submitted the letter to the Appeals Council for consideration in the review. (Pl.'s Br. 6). Plaintiff argues that this document should be given serious weight because it states that he cannot return to his past work as an air traffic controller because the stress of that job is counterproductive to the recovery from his failed heart procedures. (Pl.'s Br. 6). Dr. Bramm's letter also states that Plaintiff is disabled and has limitations greater than those determined in the ALJ's decision. Plaintiff further argues that the ALJ improperly decided that his depression is not severe and therefore, does not qualify him for social security. (Pl.'s Br. 7).

### IV.  Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405 (g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision

is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V. Discussion

In light of the legal standards that apply in this case, the court rejects Plaintiff's arguments for remand and/or reversal. For the reasons outlined below, the court concludes that the ALJ's findings were based on substantial evidence and that he applied the proper legal standards.

**A.**   **The ALJ Did Have the Benefit of a Statement and Opinion from Plaintiff's Treating and Examining Physicians Regarding Plaintiff's Limitations at the Time He Issued His Unfavorable Decision.**

Plaintiff's first argument is that the ALJ did not have the benefit of a statement or opinion from Plaintiff's treating or examining physicians regarding Plaintiff's limitations at the time he issued his unfavorable decision, and therefore, this court should remand this case for consideration of this evidence. Specifically, Plaintiff argues that the ALJ did not have the benefit of reviewing additional evidence sent to the Appeals Committee by Dr. Bramm after the hearing with the ALJ. (Pl.'s Br. 6). On August 11, 2006, Dr. Bramm sent a letter to the Appeals Council stating that

Plaintiff could not return to his job as an air traffic controller, go back to college or re-training for a job in a different field despite his disability. Dr. Bramm stated that if Plaintiff returned to one of his previous jobs it would be counterproductive to his recovery. (Tr. 182).

The Eleventh Circuit has held that the law does not allow a reviewing court to consider new evidence that the claimant submitted first to the Appeals Committee that the ALJ did not consider when the claimant requested a review of the ALJ's decision. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Rather, the court's task is to review the case to see if the ALJ based his decision on substantial evidence. In *Falge*, the court held that when the Appeals Committee denied review, "we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Id.* However, if a claimant requests review of the Appeals Council's denial of review, then the district court should review the record as a whole. *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1266 (11th Cir. 2007).

The court in *Falge* listed the exceptions as stated in 42 U.S.C. § 405(g) in order to remand a case when a claimant presents new evidence. To remand a case, a claimant must show that: (1) new non-cumulative evidence exists; (2) that the new evidence is material, such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) that good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. *Id.* at 1324. The burden is on Plaintiff to show that these elements exist in order to have this case remanded. *Id.* The new evidence must "relate to" the period on or before the ALJ's decision. 20 C.F.R. § 404.970(b). This court's standard of review is *de novo*. *Caulder v. Bowen*, 791 F.2d 872, 875 (11th Cir. 1986).

Dr. Bramm treated Plaintiff from December 2004 to July 2005. February 2005, *i.e.*, about one and a half years after the date Plaintiff claims as the onset of disability, was the first time Dr. Bramm mentioned Plaintiff's depressive effect. Most of Plaintiff's prior records refer to a cyst on his back. (Tr. 142-43). Plaintiff's depression was not sufficiently acute to cause Dr. Bramm to refer him to a specialist. The medical records from Plaintiff's last appointment with Dr. Bramm show that his health had not changed significantly and that he experienced no side effects from his medications. (Tr. 141). Indeed, Dr. Bramm stated Plaintiff's exam was essentially normal. (Tr. 141).

The ALJ had the benefit of Dr. Bramm's opinion based upon the medical records Dr. Bramm kept. No where in the medical records does Dr. Bramm state that Plaintiff's depression is so severe as to prevent him from working. So while the new evidence may be non-cumulative, there is not a reasonable possibility that it would change the administrative result. Therefore, the new evidence does not make this case eligible for remand.

A treating physician's opinion should be given significant weight, but only if it is well-supported by clinical and laboratory findings, is not internally inconsistent, and is consistent with the other evidence. *See* 20 C.F.R. §§ 404.1527(a), (b), (c)(2), (d)(3)-(4). The new evidence here is not actual medical records, but simply a letter from one of Plaintiff's treating physicians. It is not consistent with Dr. Bramm's medical records related to Plaintiff, and therefore is not entitled to be given significant weight. Neither the ALJ nor this court are under an obligation to consider the opinion of a treating physician when it speculates on the ultimate issue of disability. It is for the Commissioner to determine whether Plaintiff is technically disabled or can perform work in the economy, not Plaintiff's doctor. 20 C.F.R. § 416.927(e), *see Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1377 (11th Cir. 2006).

9

Furthermore, as Defendant correctly points out, Dr. Bramm's opinion as stated in his letter is irrelevant because the ALJ did not find that Plaintiff could return to his previous work as an air traffic controller, return to college, or be re-trained in a new field. The ALJ only found that Plaintiff could return to his previous work as a communications technician, a position not mentioned in Dr. Bramm's letter. (Tr. 20, 182). Therefore, Dr. Bramm's opinion does not conflict with the conclusions of the ALJ. The court concludes there is substantial evidence to support the ALJ's findings that Plaintiff could work as a communications technician and that Plaintiff does not suffer from a severe impairment, and therefore does not have a disability.

**B.     The ALJ's Finding That Plaintiff's Depression Is Not a Severe Impairment Is Supported by Substantial Evidence.**

Plaintiff argues that the ALJ's finding that his depression is not a severe impairment "is irrational in light of the overwhelming evidence demonstrating that [Plaintiff] suffers from severe depression which affects his ability to function in a work environment." (Pl.'s Br. 5). Defendant argues that the ALJ's decision is supported by substantial evidence and that the ALJ properly reviewed Plaintiff's medical records to determine there was no severe impairment. (Dft.'s Mem. 7-11). Step two of the five-step analysis used to evaluate disability claims under the Social Security regulations requires the ALJ to determine if a claimant has a severe impairment. 20 C.F.R. § 404.1520(b). An impairment cannot be considered severe if it is just a slight abnormality with a minimal effect on the claimant's daily life and he would not expect it to interfere with his ability to work. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). "The severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter*

*v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Also, the supportability of the treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 404.1527(d)(3).

Substantial evidence supports the ALJ's ruling that Plaintiff's depression is not a severe impairment. The ALJ gave the specific reasons why he determined depression was not a severe impairment in this case. (Tr. 18). The ALJ based his reasoning on the fact that Plaintiff has never sought treatment by a professional counselor and that he no longer takes anti-depressant medications. The ALJ also pointed out that it is logical to believe that if Plaintiff had severe depression as a side effect of his cardiac disease he would have at least mentioned it to his cardiologist. Dr. Laney's medical records make no mention of Plaintiff's depression. (Tr. 89-101, 162-76). Plaintiff's general practitioner does mention depression in his records, but much later than the alleged onset date of disability. In February 2005, Dr. Bramm said of Plaintiff, "now with a noted depressive affect," which suggests that Plaintiff did not have any previous problems with depression. (Tr. 143). In March 2005, Dr. Bramm noted that he had "asked [Plaintiff] to stop the serotonin drugs and substitute Wellbutrin . . . for a week and then . . . cut his atenolol in half. This will alleviate his depressions and raise his BP and give him more energy." (Tr. 142). On Plaintiff's last visit, Dr. Bramm only mentioned that Plaintiff had "some problems with endogenous depression." (Tr. 141).

The ALJ also considered Plaintiff's daily activities when making his determination and noted that Plaintiff's depression does not keep him from doing any of his normal routine. (Tr. 18). "Daily activities are factors appropriate for consideration." *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). Plaintiff is still able to conduct his personal grooming, go grocery shopping, cook his meals, mow his yard on a riding lawnmower, do his own housework, use a computer for banking and

email, and visit with his grandchildren. Plaintiff also recently drove to a vacation in Panama City, Florida. (Tr. 18, 195-97). The evidence in Plaintiff's medical records combined with Plaintiff's daily activities does not show a severe impairment of depression. The ALJ gave reasons in his opinion for the determination. (Tr. 18). There is substantial evidence to support the ALJ's findings, he applied the correct legal standards, and therefore, this case is due to be affirmed.

## VI. Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is, therefore, due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this   1st   day of August, 2008.

_____
      **R. DAVID PROCTOR**
      UNITED STATES DISTRICT JUDGE